14747

STATE BOARD OF BANK CONTROL *ET AL.* v. SEASE, CIRCUIT JUDGE

(198 S. E., 602)

*Messrs. John M. Daniel, Attorney General, S. R. Watt* and *C. E. Daniel,* for petitioners,

*Mr. Donald Russell,* for respondent.

*Messrs. DePass & DePass, amicus curiae,*

*Messrs. Evans, Galbraith & Holcombe,* for Home Building & Loan Association as *amicus curiae:*

September 6, 1938.

*Per curiam.*

In this suit, the State Board of Bank Control (which here-inafter will be referred to as the Board) is seeking an adjudication that it "has complete and exclusive jurisdiction, power, authority and responsibility in the liquidation of the financial institutions of this State enumerated in the Act of its creation as subject to its supervision," and that the Courts of the State are without jurisdiction to appoint Receivers for such institutions.

Prior to the institution of this proceeding, Honorable T. S. Sease, Judge of the Seventh Judicial Circuit, granted an order in a proceeding pending before him, appointing a Receiver for the Mechanics Building and Loan Association of Spartanburg, and in another proceeding pending before him, had issued a rule to show cause why a Receiver should not be appointed for the Home Building and Loan Association of Spartanburg. In the receivership suit involving Mechanics Building and Loan Association, the

board was not a party. In the suit involving Home Building and Loan Association, the board was a party defendant.

At the time of the granting of the two receivership orders, the board acting under the authority of Act No. 802 of the Acts of the General Assembly of 1936 (page 1484), had appointed a conservator for each of the two associations. In the *Mechanics Building and Loan Association case* the conservator was appointed after the institution of the action for the Receiver, but before the appointment of the Receiver; in the *Home Building and Loan Association case* the conservator was appointed before the institution of the receivership action.

The board takes the position that Judge Sease was without power to make the receivership orders in question, whether the Act creating the board is construed to confer exclusive jurisdiction for the liquidation of building and loan associations on the board, or only jurisdiction concurrent with that of the Courts; and that having taken jurisdiction of such associations by the appointment of a conservator for each, before the Receiver was appointed in either case, the jurisdiction of the board is in any aspect of the case paramount, and that the orders appointing Receivers should be declared to be of no effect.

On the board's petition, the Chief Justice of this Court granted an order directing Judge Sease to show cause before this Court why the order prayed in the petition should not be granted.

The return of Judge Sease is in effect an assertion by him of his exercise of authority in accordance with his understanding of the applicable principles of law. Arguments have been filed on behalf of the board and by attorneys acting as *amici curiae*.

The legal points argued before the Court cover a wide range. They involve such questions as whether it is within the power of the Legislature to confer either concurrent or exclusive jurisdiction over the liquidation of financial institutions upon an administrative board, without

specific provision for resort to the Courts by persons affected by the orders of the board; whether the Legislature intended, in the Act now in question, to deprive the Courts of jurisdiction to appoint Receivers for financial institutions upon the application of interested parties; whether the board is such an instrumentality of the State as is exempt from suit.

We.do not deem it proper to go into these broad questions as we find it necessary to dispose of the case on procedural grounds.

The principles governing the granting of a writ of prohibition are fully discussed in the case of *Johnson v. Jones et al.*, 160 S. C., 63, 158 S. E., 134, 77 A. L. R., 235. Among these principles as there set forth are the following:

The writ of prohibition "should be used with forebearance and caution, and only in cases of necessity."

(page 137.) Its principal use is to prevent the assumption and exercise of jurisdiction by a lower tribunal in cases where wrong, damage and injustice are liable to follow such action.

It will be granted only "to prevent an encroachment, excess, usurpation, or improper assumption of jurisdiction on the part of an inferior Court or tribunal, or to prevent some great outrage upon the settled principles of law and procedure; but, if the inferior Court or tribunal has jurisdiction of the person and subject-matter of the controversy, the writ will not lie to correct errors and irregularities in procedure, or to prevent an erroneous decision or an enforcement of an erroneous judgment, or even in cases of encroachment, usurpation, and abuse of judicial power or the improper assumption of jurisdiction, where an adequate and applicable remedy by appeal, writ of error, *certiorari,* or other prescribed methods of review are available."

And of course the writ may not be invoked to perform the office of an appeal.

In the present case it cannot be said that there is

any such emergency as was presented in the case of *State ex rel. Zimmerman v. Gibbes,* 171 S. C., 209, 172 S. E., 130, to warrant this Court in departing from the application of the foregoing principles. When the *Zimmerman case* was presented to the Court, economic chaos threatened the nation; financial institutions of all kinds were tottering, not because of insolvency, but because of a panic which was causing people to withdraw and hoard their funds. These conditions brought about the enactment of legislation, both State and federal, that was strictly of an emergency character, and was so designated. It was under such conditions, and to deal with legislation of that character, that this Court assumed original jurisdiction in the *Zimmerman case,* and undertook therein to dispose of all of the issues presented by the pleadings.

In the present case we are not dealing with any emergency in the economic field, nor even with an extraordinary emergency relating to the particular financial institutions in question; and the legislation whose constitutionality, application and construction are involved here is permanent legislation, with no emergency characteristics of any kind. We can find no justification under the facts presented by the petition herein for departing from the orderly processes of the law. These processes contemplate, especially in a case involving matters of constitutional law, the proper presentation of the issues before the Circuit Court; the full argument of the issues before such Court; the disposition of such issues by that Court; and the submission of the final issues to the Supreme Court in the light of the considered judgment of the Circuit Court, and of arguments of counsel weighted with the experience obtained in the contest in the Circuit Court.

There are other important considerations that lead us to reject the petition herein.

The petitioners were and are not without an adequate remedy at law. In the *Mechanics Building and Loan case* the petitioners could have intervened in the Circuit Court, and

if after full argument the decision had gone against them, they would have had the right of appeal. In the *Home Building and Loan case,* the petitioners were before the Circuit Court, and could have appealed from the ruling of that Court. The appeal in each case would have brought before this Court every issue sought to be presented in the present proceeding.

On the theory of petitioners that the Circuit Court has no jurisdiction, the conservator appointed by the board is entitled to have delivered to him all of the assets of each association; we are not deciding any issues thereabout, but in order to raise all of the pertinent questions in an orderly manner, it would appear that one of the remedies open to the petitioners is to have their conservator apply to the Circuit Court for appropriate orders to put him in possession of the assets of the two institutions. From adverse ruling, the right of appeal would exist.

A further reason, and perhaps a controlling one for refusing the relief asked in this case, is the fact that the petitioners have undertaken to consolidate two wholly independent and unrelated matters in a single cause. They are asking in this case for an order which would apply equally to the liquidation of two building and loan associations that have no connection with each other. The circumstances surrounding the appointment of a Receiver for each of these two associations are not the same, as hereinbefore pointed out, and it is entirely possible that the peculiar facts of each will require two different orders.

We are not dealing with the question whether, in any case where an application in the original jurisdiction of this Court for a writ of prohibition is proper, this Court may not deal with more than one person or institution affected. Each case must depend on its own facts. It suffices to say in this case that the two cases in the Circuit Court that are affected by the present proceeding should be thoroughly thrashed out in that Court both on the facts and on the law, and a proper and complete record in each

case presented to this Court through the usual process of appeal, or by such other proceeding as may be appropriate.

For the reasons above stated, the rule to show cause issued on June 10, 1938, and the petition herein are dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and MR. ACTING ASSOCIATE JUSTICE LIDE concur.

MR. JUSTICE FISHBURNE disqualified.

MR. JUSTICE CARTER did not participate on account of illness.